# Miller & Chevalier

**Kirby D. Behre**
Member
(202) 626-5960
kbehre@milchev.com

April 21, 2026

**VIA CM/ECF**

Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

> Re:    *People of the State of New York v. Kramer*, Case No. 1:26-cv-00991 (VSB)
> (SDA)  **Letter Notice of Supplemental Authority in Support of Defendant's Notice of Removal and Opposition to Plaintiff's Motion to Remand**

Dear Judge Broderick:

Defendant Robert G. Kramer ("Defendant" or "Mr. Kramer") respectfully submits this Letter Notice of Supplemental Authority in support of his Notice of Removal (Dkt. No. 1) and Opposition to Plaintiff's Motion to Remand (Dkt. No. 15).

On April 17, 2026, the United States Supreme Court issued a unanimous decision in *Chevron USA Inc. v. Plaquemines Parish, Louisiana*, 608 U.S. __, No. 24-813, 2026 WL 1040461 (U.S. Apr. 17, 2026), which bears directly on the "for or relating to" requirement under the federal officer removal statute, 28 U.S.C. § 1442(a)(1).

In *Plaquemines Parish*, the Court rejected the argument that federal officer removal requires the federal government to have specifically directed the precise act challenged in the complaint. 2026 WL 1040461, at \*7. Instead, the Court explained that a federal contract need not "expressly direct or invite" the challenged conduct for the suit to "relate to" the defendant's performance of federal duties. *Id.* Here too, Mr. Kramer need not show that federal officials directed him to adopt a Rule 10b5-1 trading plan. It is enough that Plaintiff's theory arises from, and depends on, purported material nonpublic information concerning Emergent's federally directed Operation Warp Speed work. Compl. ¶¶ 81, 87. By Plaintiff's own account, Mr. Kramer ultimately used that information as the basis for adopting the Rule 10b5-1 trading plan at issue. *Id.* ¶ 87; *see Plaquemines Parish*, 2026 WL 1040461, at \*7.

*Plaquemines Parish* also confirms that Section 1442(a)(1) does not require a strict causal nexus. 2026 WL 1040461, at \*6. The Court emphasized that the "relating to" language "sweeps broadly" and does not require that the federal duties "specifically required" or "strictly caused" the challenged conduct. *Id.* Plaintiff's attempt to recast this case as involving only a personal

April 21, 2026
Page 2

trading decision thus asks for exactly the sort of cramped reading *Plaquemines Parish* rejects.  *See* Mot. 7.  The question is whether Plaintiff's claim bears a "close relationship" to federally directed conduct.  2026 WL 1040461, at *6.  Under *Plaquemines Parish*, it does.

Here, according to the Complaint and Plaintiff's Motion to Remand, it is alleged that a contamination event in September 2020 relating to Emergent's work on the federally directed COVID vaccine is the reason why Mr. Kramer executed the trading plan in November 2020. Compl. ¶¶ 10–11, 81, 87; Mot. 1, 4.  Plaintiff's own theory thus ties the challenged conduct (the trading plan) directly to work performed under extraordinary federal contracts, federal timelines, federal oversight, and federal demands concerning vaccine development and manufacturing capacity.  *See* Opp'n 2–5.

For these reasons, *Plaquemines Parish* confirms that Plaintiff's claim "relates to" conduct undertaken under color of federal office and therefore supports denial of Plaintiff's motion to remand.

Sincerely,

  */s/ Kirby D. Behre*
Kirby D. Behre (DC Bar #398461)
  Admitted *Pro Hac Vice*
Alexandria M. Westbrook
  (NYSB #6168736)
Robert Cetrino (*pro hac vice pending*)
MILLER & CHEVALIER CHARTERED
900 Sixteenth St. NW
Washington, DC 20006
Tel. (202) 626-5800
Fax. (202) 626-5801
kbehre@milchev.com
awestbrook@milchev.com
rcentrino@milchev.com

Roland G. Riopelle (NYSB #2068161)
SERCARZ & RIOPELLE, LLP
950 Third Avenue, 31st Floor
New York, NY 10022
Tel. (212) 586-4900
Fax.: (212) 586-1234
rriopelle@sercarzandriopelle.com

*Counsel for Defendant Robert G. Kramer*