UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEOPLE OF THE STATE OF NEW
YORK, by LETITIA JAMES, Attorney
General of the State of New York,

        Plaintiff,

        v.

ROBERT G. KRAMER,

        Defendant.

No. 1:26-cv-00991-VSB

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION TO REMAND**

LETITIA JAMES
Attorney General
State of New York
*Attorney for Plaintiff*
28 Liberty Street
New York, New York 10005

NINA M. VARINDANI
THOMAS AUSTIN BROWN
Assistant Attorneys General, Investor Protection Bureau

STEVEN J. GLASSMAN
Special Counsel in Economic Justice, Economic Justice Division

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES........................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................ 3

    I.    Kramer's Stock Selling Was Neither Acting Under Federal Officers Nor Closely Connected to Emergent's Contract with the Federal Government ............................................ 3

    II.    There is No Federal Question Jurisdiction........................................................... 6

        A.    The Complaint Does Not Raise Federal Issues .......................................................6

        B.    A Potential Rule 10b5-1 Defense is Not a Substantial Issue......................................7

        C.    Exercising Jurisdiction Would Disrupt the Federal-State Balance .............................9

    III.    New York is the Real Party in Interest................................................................. 9

    IV.    Jurisdictional Discovery is Unwarranted..........................................................11

CONCLUSION....................................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agyin v. Razmzan*,
  986 F.3d 168 (2d Cir. 2021)............................................................................................4

*AMTAX Holdings 227, LLC v. CohnReznick LLP*,
  736 F. Supp. 3d 169 (S.D.N.Y. 2024), aff'd, 136 F.4th 32 (2d Cir. 2025) ................................7

*Anwar v. Fairfield Greenwich Ltd.*,
  No. 09 CIV. 0118 VMTHK, 2009 WL 1181278 (S.D.N.Y. May 1, 2009) ............................11

*Assured Guar. (UK) Ltd. v. J.P. Morgan Inv. Mgt. Inc.*,
  18 N.Y.3d 341 (2011) .....................................................................................................2

*Bd. of Managers of 17 Battery Place Condo. v. Twin City Fire Ins. Co.*,
  No. 24-CV-9972 (PKC), 2025 WL 804830 (S.D.N.Y. Mar. 13, 2025)................................11

*Chevron USA Inc. v. Plaquemines Par., Louisiana*,
  No. 24-813, 2026 WL 1040461 (U.S. Apr. 17, 2026) .........................................................3, 5

*Claridge Assocs., LLC v. Schepis*,
  No. 15 CIV. 4514 (KPF), 2020 WL 6505210 (S.D.N.Y. Nov. 5, 2020) ..............................8, 9

*Comm'r. of New York City Dep't. of Soc. Servs. v. Buckeye Coach LLC*,
  No. 24-CV-326 (VSB), 2024 WL 620649 (S.D.N.Y. Feb. 14, 2024)  ..................................8

*Connecticut v. Exxon Mobil Corp.*,
  83 F.4th 122 (2d Cir. 2023) ..............................................................................................4, 5

*D'Alessio v N.Y. Stock Exch., Inc*,
  258 F.3d 93 (2d Cir. 2001)................................................................................................6

*Diamond v. Oreamuno*,
  24 N.Y.2d 494 (1969) ......................................................................................................8

*Freudenberg v. E\*Trade Fin. Corp.*,
  712 F. Supp. 2d 171 (S.D.N.Y. 2010)................................................................................7

*Gunn v. Minton*,
  568 U.S. 251 (2013)..........................................................................................................7

*Goins v. Saint Elizabeth Med. Ctr., Inc.*,
  No. 22-6070, 2024 WL 229568 (6th Cir. Jan. 22, 2024)......................................................4

ii

*Hennessy v. Jacobs*,
No. 12 CIV. 00044 (AJN), 2012 WL 13389873 (S.D.N.Y. Apr. 2, 2012)..............................11

*In re Regeneron Pharms., Inc.*,
No. 25-CV-5056 (MKV), 2026 WL 734839 (S.D.N.Y. Mar. 16, 2026) ..............................6, 7

*In re SLM Corp. Sec. Litig.*,
740 F. Supp. 2d 542 (S.D.N.Y. 2010)....................................................................................8

*Isaacson v. Dow Chem. Co.*,
517 F.3d 129 (2d Cir. 2008).................................................................................................5

*Kansas v. Pfizer, Inc.*,
No. 24-1128-DDC-BGS, 2025 WL 1394240 (D. Kan. May 14, 2025)...............................5, 6

*Lynch v. Vickers Energy Corp.*,
383 A.2d 278 (Del. 1977) ......................................................................................................8

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cavicchia*,
311 F.Supp. 149 (S.D.N.Y. 1970) .....................................................................................9, 10

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*,
578 U.S. 374 (2016)..............................................................................................................6

*NASDAQ OMX Group., Inc. v. UBS Sec., LLC*,
770 F.3d 1010 (2d Cir. 2014)............................................................................................8, 9

*New York v. Amazon.com, Inc.*,
550 F. Supp. 3d 122 (S.D.N.Y. 2021)...................................................................................10

*Northfield Ins. Co. v. GM Star Constr., Inc.*,
532 F. Supp. 3d 73 (E.D.N.Y. 2021) ....................................................................................11

*People v Florentino*,
116 Misc. 2d 692 (Crim. Ct. N.Y. Cnty. 1982) .....................................................................10

*People v. LaRose Indus. LLC*,
386 F. Supp. 3d 214 (N.D.N.Y. 2019)...................................................................................10

*People of New York v. Charles Schwab & Co.*,
No. 09 CIV. 7709 (LMM), 2010 WL 286629 (S.D.N.Y. Jan. 19, 2010) ...............................10

*People v. Greenberg*,
127 A.D.3d 529 (1st Dept 2015), *aff'd sub nom. People ex rel. Schneiderman v. Greenberg*, 27 N.Y.3d 490 (2016)................................................................................10

*Plumbers & Pipefitters Nat'l Pension Fund v. Tableau Software, Inc.*,
No. 17 CV 5753 (JGK), 2019 WL 2360942 (S.D.N.Y. Mar. 4, 2019)....................................7

iii

*Sawyer v. Foster Wheeler LLC*,
    860 F.3d 249 (4th Cir. 2017) ................................................................................4

*UDG Mgt., LLC v. Ironshore Indem. Corp.*,
    No. 24-CV-2777 (VEC), 2024 WL 1905833 (S.D.N.Y. May 1, 2024)...................................11

*United States v. Chow*,
    993 F.3d 125 (2d Cir. 2021).................................................................................9

*United States v. Dagar*,
    No. 24-2239, 2025 WL 2553533 (2d Cir. Sept. 5, 2025) ...........................................9

*Veneruso v. Mount Vernon Neighborhood Health Ctr.*,
    586 F. App'x 604 (2d Cir. 2014).............................................................................3

*Vera v. Saks & Co.*,
    335 F.3d 109 (2d Cir. 2003)..................................................................................8

*Weinberger v. UOP, Inc.*,
    457 A.2d 701 (Del. 1983) .....................................................................................8

**Federal Statutes**

28 U.S.C. § 1332................................................................................................3

28 U.S.C. § 1442(a)(1)....................................................................................... 3, 5

**State Statutes**

N.Y. Gen Bus. Law § 352...................................................................................1

N.Y. Gen Bus. Law § 352-c.................................................................................1

**Rules**

Rule 10b5-1......................................................................................................7

**PRELIMINARY STATEMENT**

Plaintiff, the People of the State of New York, by its attorney, Letitia James, Attorney General of the State of New York ("Plaintiff" or "OAG"), submits this Reply Memorandum in further support of its Motion to Remand this case to New York Supreme Court ("Motion" or "Mot.").

The Complaint alleges that Defendant Robert G. Kramer ("Defendant" or "Kramer") violated the Martin Act, New York General Business Law Sections 352 and 352-c, by engaging in illegal insider trading of Emergent BioSolutions Inc. ("Emergent" or the "Company") stock while in possession of material nonpublic information ("MNPI"). Defendant's Opposition to Plaintiff's Motion to Remand ("Opposition" or "Opp.") attempts to rewrite the Complaint, ignores its central allegation regarding Defendant's personal trading in Emergent stock, and sidesteps controlling authorities on removal and remand.

This case is, quite simply, about whether Kramer, the then-chief executive officer of Emergent, traded stock while in possession of MNPI. At the height of the COVID-19 pandemic, Emergent secured lucrative contracts to manufacture COVID-19 vaccines. It touted those contracts, and its stock price soared. However, Emergent quickly experienced persistent internal problems manufacturing the COVID-19 vaccine drug substance. This was MNPI that would have been important to a reasonable investor. Before this information was publicly disclosed, Kramer sold his Emergent stock and realized proceeds of $10 million.

The federal government did not direct, instruct, or advise Kramer to sell his stock. Nor was the federal government involved in establishing, drafting, or recommending that Kramer develop a trading plan.

Kramer attempts to run from the straightforward nature of this case with a series of distractions. He makes irrelevant and self-serving declarations that federal regulators supposedly declined to prosecute him after reviewing the same trading activity– while providing no evidence of same. *E.g.*, Opp. 1. He directs the Court to the post-public service ruminations of former federal prosecutors. Opp. 1, n.1. He engages in false specters of corporate insiders being subject to conflicting obligations under state law requirements. Opp. 19.

And when all else fails, Kramer falls back on the false premise that securities laws are the exclusive province of federal courts and ignores the fact that the Martin Act, enacted in 1921, predates the passage of the federal securities laws and the establishment of the SEC, and provides OAG with "broad regulatory and remedial powers to prevent fraudulent securities practices…" *Assured Guar. (UK) Ltd. v. J.P. Morgan Inv. Mgt. Inc.*, 18 N.Y.3d 341, 350 (2011). Far from an attempt by OAG to "meddle in an area governed by federal law" (Opp. 1), this case is a conventional effort to enforce the Martin Act.

Kramer's Opposition argues: (i) OAG's claim against Defendant for insider trading is allegedly based on his conduct "acting under" federal officers and "related to" his or Emergent's work for the federal government; (ii) this Court has federal question jurisdiction because the Complaint purportedly asserts claims arising under federal law; and (iii) this Court has diversity jurisdiction even though the real party in interest is the State of New York. Each of these arguments fails.

First, Defendant cannot demonstrate that he was acting under federal officers when he traded Emergent stock while Emergent was experiencing undisclosed serious issues, nor was his stock trading closely connected to Emergent's government work. Second, the factual issues relating to Defendant's trades do not depend on an interpretation of federal law let alone raise a

2

"substantial" federal question. Moreover, since Defendant's trading plan at most relates to a possible affirmative defense, it is insufficient to establish federal question jurisdiction. Finally, this Court does not have jurisdiction under 28 U.S.C. § 1332 since no state can be a "citizen" for purposes of diversity jurisdiction. Kramer's argument that New York citizens are the real parties in interest is belied by the Complaint and by established case law, and Kramer has not shown that he is entitled to jurisdictional discovery.

Based on the foregoing, Plaintiff respectfully requests that the Court remand this case to the New York Supreme Court.

## ARGUMENT

### I.    Kramer's Stock Selling Was Neither Acting Under Federal Officers Nor Closely Connected to Emergent's Contract with the Federal Government

In order for Defendant to satisfy federal officer removal, Kramer must demonstrate he was "acting under" a federal officer and is being sued "for or relating to" acts taken under federal direction. Opp. 7-13; 28 U.S.C. § 1442(a)(1). As the Supreme Court recently confirmed, "[t]he ordinary understanding of 'relating to' requires a connection that is not 'tenuous, remote, or peripheral.'" *Chevron USA Inc. v. Plaquemines Par., Louisiana*, No. 24-813, 2026 WL 1040461, at *1, 7 (U.S. Apr. 17, 2026). Accordingly, Defendant must demonstrate both that he was acting under federal officers when he decided to sell his personal stock and his stock sales were closely connected to the work performed for the federal government.

Kramer did not "act under" a federal officer when he traded Emergent stock for his personal account. *See e.g., Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 586 F. App'x 604, 605–08 (2d Cir. 2014) (New York nonprofit corporation and federal grant recipient failed to show it acted under a federal officer in receiving illegal distributions). Kramer did not consult with any federal officer or employee about his planned trades or seek their approval. He alone stood to reap the

3

benefit of his stock sales. And those personal trades, while he was in possession of MNPI, were tangential and unrelated to his government work.

The cases Kramer references in order to satisfy the "relating to" requirement are distinguishable because they all involved misconduct that was closely connected to the federal government work. Kramer relies on *Goins v. Saint Elizabeth Med. Ctr., Inc.*, which found that vaccine manufacturer Moderna satisfied the "acting under" and "relating to" requirement because of its participation in Operation Warp Speed. No. 22-6070, 2024 WL 229568, at *3-4 (6th Cir. Jan. 22, 2024). However, *Goins* is distinguishable because plaintiff's claim arose from a physical injury directly related to the vaccine manufactured by Moderna for the federal government. *Id.* *1-2. Accordingly, a close connection existed between the misconduct in *Goins* and Moderna's federal government work. Conversely, Kramer's orders to sell stock are not closely connected to Emergent's federal government contract. Kramer did not engage in his challenged stock trading to fulfill his or Emergent's obligations to the federal government.

Other cases Defendant cites in an effort to show he was "acting under" federal officers and that his misconduct was related to Emergent's federal contract fare no better. *See Agyin v. Razmzan*, 986 F.3d 168 (2d Cir. 2021) (physician satisfied "acting under" and "relating to" requirement in medical malpractice action when he provided medical services pursuant to contract with a "federally deemed community health center"); *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 253 (4th Cir. 2017) (defendant satisfied "acting under" and "relating to" requirement when it manufactured offending boilers for U.S. Navy in compliance with Navy's requirements).

Kramer attempts to distinguish this action from *Connecticut v. Exxon Mobil Corp.,* 83 F.4th 122 (2d Cir. 2023) by arguing that unlike Emergent, Exxon had an arm's length relationship with the government and could not satisfy the "acting under" requirement. Opp. 10. However, in *Exxon*,

4

the Second Circuit accepted Exxon's argument that its military supply contracts satisfied the "acting under" requirement justifying federal-officer removal and still found that Exxon failed to satisfy the close connection requirement between plaintiff's false advertising claims and the government contracts at issue. *Exxon*, 83 F.4th at 145 (citing *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135 (2d Cir. 2008)). In other words, even if an individual can establish that his or her actions were generally subject to the federal government's direct control and supervision, they still would need to establish that the misconduct they are being sued for was closely connected to the federal government work. Exxon's misleading advertising was disconnected from its work under its federal contracts. Similarly here, Kramer's personal trading is disconnected from his or Emergent's work under Emergent's government contract.

Finally, Kramer argues that his actions satisfy the "relating to" requirement discussed in the Supreme Court's recent opinion in *Chevron,* which found that Chevron had "plausibly alleged a close relationship" between its challenged crude-oil production and the performance of its federal refining duties to satisfy the "relating to" requirement under the federal officer removal statute. 2026 WL 1040461, at *6; ECF 17. However, in so holding, the Court confirmed that "[t]he ordinary understanding of 'relating to' requires a connection that is not 'tenuous, remote, or peripheral.'" *Id.* Unlike *Chevron*, Kramer's misconduct (illegally trading Emergent stock) is too remote and peripheral to Emergent's contract with the federal government (manufacturing vaccine substance) to justify removal under § 1442. *See Kansas v. Pfizer, Inc.*, No. 24-1128-DDC-BGS, 2025 WL 1394240, at *5 (D. Kan. May 14, 2025) (Pfizer not entitled to invoke federal officer removal statute where Kansas state law claims alleged Pfizer engaged in a false and misleading advertising campaign about its COVID-19 vaccine efficacy because "defendant's challenged actions – allegedly false marketing practices—were entirely tangential to its contractual duty to

5

produce and deliver vaccine to the federal government. . . defendant didn't perform its challenged marketing practices to fulfill its obligations to the federal government. . . . ”). Similar to *Pfizer*, Kramer is being sued only because he traded Emergent stock for personal gain while in possession of MNPI, and not because of the work he or Emergent was doing for the government.

Kramer has failed to show that he executed the trades while "acting under" federal officers and that his trades were "closely connected" to his government work and therefore, no federal officer jurisdiction exists.

## II.     There is No Federal Question Jurisdiction

Defendant's argument that Plaintiff's single Martin Act claim "necessarily" raises federal issues and are substantial enough to create federal jurisdiction is based on a misstatement of the facts and a misreading of the law.

### A.     The Complaint Does Not Raise Federal Issues

Kramer fails to identify a federal issue *necessarily raised* and *actually disputed* to invoke federal question jurisdiction. Kramer's cited cases are inapposite as they involved state law claims created by federal law or dependent on violation of federal law. *D'Alessio v N.Y. Stock Exch, Inc*, 258 F.3d 93, 101-02 (2d Cir. 2001) (finding federal question jurisdiction when "gravamen of D'Alessio's state law claims is that [the New York Stock Exchange] and its officers conspired to violate the federal securities laws … and failed to perform its statutory duty, *created under federal law*, to enforce its members' compliance with those laws.") (emphasis in original); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383–84 (2016) (finding federal jurisdiction when federal law creates asserted cause of action or plaintiff's state law claim "necessarily depends on a showing that the defendant breached the Exchange Act" or where plaintiff must prove "as the cornerstone of his suit, that the defendant infringed a requirement of the [Exchange Act]."); *In re*

*Regeneron Pharms., Inc.*, No. 25-CV-5056 (MKV), 2026 WL 734839, at *3 (S.D.N.Y. Mar. 16, 2026) (complaints alleged that claims were premised on "Regeneron's *violation of federal law.*") (emphasis in original).

Conversely, here, OAG's Martin Act claim is not created by federal law nor dependent on a violation of federal securities laws. It stands alone.

### B.    A Potential Rule 10b5-1 Defense is Not a Substantial Issue

As Kramer acknowledges, a Rule 10b5-1 plan is only a potential affirmative defense.[1] *Freudenberg v. E*Trade Fin. Corp.*, 712 F. Supp. 2d 171, 200–01 (S.D.N.Y. 2010) ("[T]he existence of a Rule 10b5-1 Trading Plan is an affirmative defense that must be pled and proved."); *Plumbers & Pipefitters Nat'l Pension Fund v. Tableau Software, Inc.*, No. 17 CV 5753 (JGK), 2019 WL 2360942, at *6 (S.D.N.Y. Mar. 4, 2019). Accordingly, whether Kramer's trades are subject to a potential Rule 10b5-1 defense is not a federal issue that is "important[t] … to the federal system as a whole." *Gunn v. Minton*, 568 U.S. 251, 260 (2013). "An issue is likely to be substantial if it 'present[s] a nearly pure issue of law … that could be settled once and for all and thereafter would govern numerous … other cases.'" *AMTAX Holdings 227, LLC v. CohnReznick LLP*, 736 F. Supp. 3d 169, 183 (S.D.N.Y. 2024), *aff'd*, 136 F.4th 32 (2d Cir. 2025). Cases involving "fact-bound and situation-specific effects" are insufficient to establish federal jurisdiction. *Id.* (quoting *Gunn*, 568 U.S. at 263).

---

[1] OAG never "concede[d]" that Kramer's trading plan provides him with an affirmative defense to insider trading. Opp. 2. Whether Defendant sold his stock in accordance with a Rule 10b5-1 trading plan is, *at most,* the basis of a *potential* affirmative defense, which does not create federal jurisdiction. Defendant does not cite, let alone dispute, the controlling authorities on this point cited by Plaintiff. Motion 12.

Here, whether Defendant's trades are subject to an affirmative defense is the type of "fact-bound and situation-specific"[2] inquiry that is insufficient to establish federal jurisdiction, and Kramer's cited cases confirm that a finding of substantiality is rare. *NASDAQ OMX Grp., Inc. v. UBS Sec., LLC*, 770 F.3d 1010, 1029 n. 13 (2d Cir. 2014) (issue of whether NASDAQ violated duty to provide fair and orderly market for major IPO was substantial, stating "[f]ew, if any, such cases are likely to present issues of such importance to the federal system of securities regulation").

The assertion of a federal defense to a state-law claim does not establish federal question jurisdiction, even if the defense is anticipated in the complaint. *See e.g.*, *Comm'r of New York City Dep't of Soc. Servs. v. Buckeye Coach LLC*, No. 24-CV-326 (VSB), 2024 WL 620649 at *2 (S.D.N.Y. Feb. 14, 2024) ("federal defenses are not grounds for removal"). Motion 12-13. Defendant does not cite, let alone dispute, Plaintiff's controlling authorities and instead, cites *Vera v. Saks & Co.*, 335 F.3d 109 (2d Cir. 2003), which only involved removal of an action asserting state law claims preempted by federal law. Opp. 21.

Defendant also asserts that "[i]f Plaintiff is allowed to proceed, her claims raise the specter of Mr. Kramer, and other insiders across the country, being subject to conflicting obligations as states impose disparate requirements." Opp. 18. However, Defendant's concerns are imagined given that states have been operating in this space for more than fifty years. *See Diamond v. Oreamuno*, 24 N.Y.2d 494, 502-04 (1969); *Lynch v. Vickers Energy Corp.*, 383 A.2d 278, 281 (Del. 1977); *Weinberger v. UOP, Inc.*, 457 A.2d 701, 710 (Del. 1983).

Finally, Kramer's assertion that the SEC declined to bring an enforcement action against him (Opp. 1, 18) is irrelevant to OAG's claim against him. *Claridge Assocs., LLC v. Schepis*, No.

---

[2] *See In re SLM Corp. Sec. Litig.*, 740 F. Supp. 2d 542, 558 n.6 (S.D.N.Y. 2010) ("To the extent that [defendant] offers explanations for his stock sales ... those facts remain in dispute ....").

15 CIV. 4514 (KPF), 2020 WL 6505210, at *8 (S.D.N.Y. Nov. 5, 2020) ("fact that the SEC declined to initiate an enforcement action is irrelevant … as the SEC utilizes different standards and considers different factors in determining whether to initiate an enforcement action.").

### C.    Exercising Jurisdiction Would Disrupt the Federal-State Balance

Exercising jurisdiction here would upset the federal-state balance and could lead to an unwarranted influx of cases that are premised solely on Martin Act violations being removed to federal court. *See NASDAQ OMX Group*, at 1029 n.13 ("Judge Straub predicts that exercising federal jurisdiction here will lead to a 'horde' of increased litigation, trying to sweep into federal court every state law claim that turns on the interpretation of a stock exchange rule…"). Defendant wrongly argues that "the nature of Plaintiff's insider trading claims is inherently federal and traditionally resolved in federal court," (Opp. 19-20) yet only cites to two criminal cases in support, both of which only asserted claims for violations of federal securities laws. *United States v. Chow*, 993 F.3d 125, 143 (2d Cir. 2021) (discussing SDNY as being appropriate venue in case involving criminal charges for violations of federal securities laws); *United States v. Dagar*, No. 24-2239, 2025 WL 2553533, at *2 (2d Cir. Sept. 5, 2025) (same).

Accordingly, Defendant's federal question jurisdiction argument should be rejected.

### III.    New York is the Real Party in Interest

Defendant's argument for diversity jurisdiction is based on the false premise that the State seeks to recover damages on behalf of individual New York citizens. That argument distorts the Complaint and ignores Plaintiff's stated purpose and request for disgorgement.

Defendant inappropriately relies on *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cavicchia*, 311 F. Supp. 149 (S.D.N.Y. 1970), as it involved a determination of "real party in interest" in an Eleventh Amendment sovereign immunity case, which is a different standard than

that used in removal cases. *People of New York v. Charles Schwab & Co.*, No. 09 CIV. 7709 (LMM), 2010 WL 286629, at *5 (S.D.N.Y. Jan. 19, 2010) (holding *Cavicchia*'s discussion of "real party in interest" was inapposite for removal purposes). Motion 14-15. This is not a case where the State brings an action on behalf of a group of "allegedly defrauded New York residents who posess[ed] verifiable claims" against the defendant. *Cavicchia*, at 159. Instead, "the essential nature and effect of the proceeding" (Opp. 22) is to demonstrate to Kramer and other corporate insiders that fraud does not pay – you cannot pocket the proceeds of your insider trading. *People v. LaRose Indus. LLC*, 386 F. Supp. 3d 214, 219 (N.D.N.Y. 2019); *New York v. Amazon.com, Inc.,* 550 F. Supp. 3d 122, 130 (S.D.N.Y. 2021) (when OAG seeks disgorgement, beneficiary is State treasury and accordingly, State has interest separate from its citizens).[3]

Finally, Kramer attempts to distinguish the cases in the Motion demonstrating that the State of New York is the real party in interest by suggesting that they "involved direct state intervention to halt ongoing or widespread business practices affecting consumers broadly." Opp. 25.   But illegal insider trading is a practice that adversely affects investor confidence in the honesty and integrity of the marketplace. *See People v Florentino*, 116 Misc 2d 692, 692, n 1 (Crim. Ct. N.Y. Cnty. 1982) ("The Martin Act is * * * directed primarily * * * to the protection of the public…"). Thus, OAG's pursuit of disgorgement confirms the State's status as the real party in interest.

---

[3] Because OAG is not seeking restitution, Defendant's reference to the settled securities class action lawsuit is irrelevant. *People v. Greenberg*, 127 A.D.3d 529, 529 (1st Dept 2015), *aff'd sub nom. People ex rel. Schneiderman v. Greenberg*, 27 N.Y.3d 490 (2016) (finding the state's disgorgement claim was viable despite prior settlement of actions by shareholders).

IV.    **Jurisdictional Discovery is Unwarranted**

Defendant's request for "limited discovery" into the identity and citizenship of unnamed investors should be denied. OAG is not seeking restitution and notably, Defendant has cited no case holding that jurisdictional discovery is warranted in a case brought by a state official.[4]

Kramer's request for jurisdictional discovery is a further unwarranted delaying tactic and fishing expedition. *Northfield Ins. Co. v. GM Star Constr., Inc.*, 532 F. Supp. 3d 73, 74 (E.D.N.Y. 2021) (denying jurisdictional discovery and stating that "introducing a mini-litigation on the threshold issue of diversity of citizenship should be avoided if possible. Litigation can be complex enough without introducing a preliminary round that could last months just to get to square one."); *Hennessy v. Jacobs*, No. 12 CIV. 00044 (AJN), 2012 WL 13389873, at *2 (S.D.N.Y. Apr. 2, 2012) (accepting plaintiff's representation as to his citizenship and denying defendant's request for "…expansive discovery based solely on Defendant's unsupported speculation….").

---

[4] Defendant's cited cases are inapposite; they permitted limited discovery relating to LLCs, partnerships and condominiums. *See Anwar v. Fairfield Greenwich Ltd.*, No. 09 CIV. 0118 VMTHK, 2009 WL 1181278, at *1 (S.D.N.Y. May 1, 2009) (identities of a plaintiff's limited partners); *Bd. of Managers of 17 Battery Place Condo. v. Twin City Fire Ins. Co.*, No. 24-CV-9972 (PKC), 2025 WL 804830, at *1–2 (S.D.N.Y. Mar. 13, 2025) (action filed by condominium and LLCs); *UDG Mgmt., LLC v. Ironshore Indem. Corp.*, No. 24-CV-2777 (VEC), 2024 WL 1905833, at *2 (S.D.N.Y. May 1, 2024) (members of two plaintiff LLCs).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court remand this case to the Supreme Court of the State of New York.

Dated: New York, New York
      April 22, 2026

Respectfully submitted,

LETITIA JAMES
Attorney General of the State of New York

By: */s/ Nina M. Varindani*
    Nina M. Varindani
    T. Austin Brown
    Assistant Attorneys General
    Investor Protection Bureau
    28 Liberty Street, New York, NY 10005
    (212) 416-8488
    Nina.Varindani@ag.ny.gov
    ThomasAustin.Brown@ag.ny.gov

    Steven J. Glassman
    Special Counsel in Economic Justice
    Economic Justice Division
    Steven.Glassman@ag.ny.gov

*Counsel for Plaintiff the People of the State of New York*

12

## <u>WORD COUNT CERTIFICATION</u>

In accordance with Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and the Court's Individual Practices, I hereby certify that the Reply Memorandum of Law in Support of Plaintiff's Motion to Remand contains 3379 words (including footnotes), exclusive of cover page, tables of contents and authorities, and signature block, as established using the word count function of Microsoft Word.

<u>/s/ *Nina M. Varindani*</u>
 Nina M. Varindani
 Assistant Attorney General