

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

April 24, 2026

**VIA CM/ECF**
Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

> RE: *People of the State of New York v. Kramer*, Case No. 1:26-cv-00991 (VSB)
> Response to Defendant's Notice of Supplemental Authority in Support of Defendant's
> Notice of Removal and Opposition to Plaintiff's Motion to Remand

On behalf of Plaintiff, the People of the State of New York, by its attorney, Letitia James, Attorney General of the State of New York ("Plaintiff" or "OAG"), we respectfully submit this response to the Letter Notice of Supplemental Authority ("Letter Notice") filed on April 21, 2026, by Defendant Robert G. Kramer ("Defendant" or "Kramer").

While OAG does not object to Defendant alerting the Court to a recent Supreme Court decision, OAG takes issue with Defendant's improper characterization of the decision.

Defendant cites the April 17, 2026, decision of the U.S. Supreme Court in *Chevron USA Inc. v. Plaquemines Par., Louisiana*, No. 24-813, 2026 WL 1040461 (U.S. Apr. 17, 2026), as additional authority bearing on the "for or relating to" element of the federal officer removal statute, 28 U.S.C. §1442(a)(1). The statute requires Defendant to demonstrate he was both "acting under" a federal officer *and* is being sued "for or relating to" acts taken under federal direction, in order to remove this case to federal court. Both prongs must be satisfied for removal.[1]

The Supreme Court found that Chevron had "plausibly alleged a close relationship" between its challenged crude-oil production and the performance of its federal refining duties to satisfy the "relating to" requirement under the federal officer removal statute. 2026 WL 1040461, at *6. However, in so holding, the Court confirmed that "[t]he ordinary understanding of 'relating to' requires a connection that is not 'tenuous, remote, or peripheral.'" *Id.* Unlike *Chevron*, Kramer's personal trading of Emergent stock is too tenuous, remote and peripheral to Emergent's contract with the federal government (manufacturing vaccine substance) to justify

---

[1] *Chevron* does not affect the "acting under" requirement of the statute.

removal under § 1442. Kramer has failed to articulate a connection – close or otherwise - between his personal investment decisions and Emergent's contracts. Kramer is being sued only because he traded Emergent stock for personal gain while in possession of material nonpublic information and not because of the work he or Emergent was doing for the government.

OAG thanks the Court for its attention to this matter.

Respectfully submitted,

LETITIA JAMES
Attorney General of the State of New York

By: */s/ Steven J. Glassman*
Steven J. Glassman
Special Counsel in Economic Justice
Economic Justice Division
(212) 416-6542
Steven.Glassman@ag.ny.gov

Nina M. Varindani
T. Austin Brown
Assistant Attorneys General
Investor Protection Bureau
28 Liberty Street, New York, NY 10005
(212) 416-8488
Nina.Varindani@ag.ny.gov
ThomasAustin.Brown@ag.ny.gov

*Counsel for Plaintiff the People of the State of New York*